819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael VALAN, III, Plaintiff,
Richard Alexander, Plaintiff-Appellant,
v.
Gerald T. MCFAUL; Bruce Stafford, Defendants-Appellees.
 No. 86-3807.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1987.
 
 Before KENNEDY, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated this action on August 2, 1985 in the district court pursuant to 42 U.S.C. Sec. 1983. Plaintiff alleged that he was subjected to discriminatory treatment and ultimately discharged from his job by defendants on November 22, 1983, without equal protection or due process of law. The district court determined that plaintiff's complaint was not timely and dismissed the case on July 28, 1986. This appeal followed.
 
 
 3
 In Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985), cert. denied, 106 S.Ct. 2901 (1986), this court held that Ohio's one-year statute of limitations applicable to personal injury actions, Ohio Rev. Code Ann. SS 2305.11, governs actions brought pursuant to 42 U.S.C. Sec. 1983. Plaintiff does not dispute that all of his claims arose on or before the date of his discharge on November 22, 1983. The district court, accordingly, correctly determined that plaintiff's action was barred because it was not filed within one year after the alleged cause of action arose. See Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986); Mulligan, 777 F.2d 340.
 
 
 4
 Therefore, the district court's judgment is hereby affirmed., Rule 9(b)(2), Rules of the Sixth Circuit.